USAO Rev. 3/21

*filed in open court 10/12/21* ⟨signature⟩

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 17-10-LPS |
| TORON O. CROCKER, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Shawn A. Weede and Graham L. Robinson, Assistant United States Attorneys, and the defendant, Toron O. Crocker, by and through his attorney, Rocco C. Cipparone, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Superseding Indictment, which charges him with Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a) and (e).

2. The defendant understands that the maximum penalties for Count One are: 30 years of imprisonment, with a mandatory minimum term of 15 years; a fine of $250,000; a lifetime of supervised release, with a mandatory minimum term of 5 years; restitution; and a $100 special assessment.

3. The defendant understands that if there were a trial with regard to Count One, the government would have to prove the following elements beyond a

reasonable doubt: (1) victim MINOR A was under 18 years old; (2) the defendant knowingly used MINOR A to take part in sexually explicit conduct; (3) for the purpose of producing a visual depiction of such conduct; and (4) the visual depiction was produced using materials that had been transported across state lines or in foreign commerce, or the visual depiction was transmitted using any means or facility of interstate or foreign commerce. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One.

4. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

5. The defendant is pleading guilty to Count One because he is, in fact, guilty.

6. At or around the time of sentencing, the government will move to dismiss the original Indictment (D.I. 6) and Counts Two and Three of the Superseding Indictment (D.I. 70).

7. Pursuant to Section 6B1.4 of the November 1, 2018, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

    a.    The defendant's base offense level is 32 pursuant to U.S.S.G. § 2G2.1(a);

    b.    The government will not argue that the defendant "knowingly engaged in distribution" as set forth at U.S.S.G. § 2G2.1(b)(3);

    c.    The relevant conduct associated with Count One involved an additional minor child under the age of 12, and thus a two (2) level increase to the defendant's offense level is required pursuant to U.S.S.G. §§ 2G2.1(d)(1) and 3D1.4;

    d.    Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, it agrees that a two (2) level reduction to his offense level is required pursuant to U.S.S.G. § 3E1.1(a).

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

8.      The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

9.      The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory minimum and maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence.  The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge.  The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines.  The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

10.     The defendant agrees to forfeit pursuant to 18 U.S.C. § 2253 any and all interests in any property, real or personal, that was used or intended to be used to commit or promote the commission of the offense, including any material that contains visual depictions of child pornography or visual depictions that are obscene or that are or appear to be of minors engaged in sexually explicit conduct, that are produced, transported, shipped, received or possessed as part of the offense, including but not limited to the following items which were seized from the defendant on or

4

about February 8, 2017: a Samsung SM-J700P cellular phone (IMEI: 35562807598921); a Samsung Galaxy S5 cellular phone (IMEI: 99000487953619); and a Gateway computer tower (SN: XAB59I1009384) (collectively, the "Property"). The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a). The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

11. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after

sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the defendant reserves the right to (1) file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel, and (2) appeal his sentence if: (a) the government appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (c) the District Court imposes an "upward variance" above the final Sentencing Guideline range that it determines at sentencing.

12. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Count One, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

13. The defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release, pursuant to Title 18, United States Code, Section 3583(d). The defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The defendant understands that he shall keep his

registration current and shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Delaware following release from prison, the defendant will be subject to the registration requirements of the State of Delaware. The defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

14. As a condition of supervised release, the defendant shall initially register with the state sex offender registration agency in Delaware, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

16. Pursuant to 18 U.S.C. § 2259, the defendant agrees to the entry of a Restitution Order for the full amount of the losses to Minor A and Minor B

attributable to the defendant's activities set forth in the Superseding Indictment. The defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of a victim's compensable losses as defined at 18 U.S.C. §2259(b)(3) and (c) as may be proved by the United States or stipulated to by the parties. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw his guilty plea. The defendant further agrees that the defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. The defendant agrees to make full restitution for the provable losses to Minor A and Minor B caused by defendant's activities.

////

17. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

_____  
Rocco C. Cipparone, Jr., Esquire  
STAND BY Attorney for Defendant

_____  
Toron O. Crocker, Defendant  
Pro Se

DAVID C. WEISS  
UNITED STATES ATTORNEY

By:_____  
Shawn A. Weede  
Graham L. Robinson  
Assistant United States Attorneys

Dated: 10/12/21

AND NOW, this 13th day of October, 2021, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____  
THE HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

9